IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CARL DEAN WYATT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-673-W |
| | ) | |
| HECTOR RIOS, Official Capacity, Warden of Lawton Correctional Facility; FNU DUNN, Official Capacity, Correctional Officer; TIFFANY BRAKE, Official Capacity, Correctional Officer; JACKIE WELLS, Official Capacity, Nurse; FNU THOMAS, Official Capacity, Medical Administrator, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, filed a civil rights complaint under 42 U.S.C. § 1983, Doc. 1, and United States District Judge Lee R. West referred the matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. On screening, the undersigned recommends the court dismiss the complaint without prejudice and with leave to amend.

**I.     Plaintiff's claims.**

Plaintiff sues five private-prison employees, in only their official capacities, for various constitutional violations which allegedly occurred at the Lawton Correctional Facility. Doc. 1, *passim*.

## II. Screening responsibilities.

Because Plaintiff is proceeding in forma pauperis, Doc. 6, the court has a duty to screen the complaint. *See* 28 U.S.C. § 1915(e)(2). With this responsibility, the court must dismiss any claim that fails to state a claim upon which relief may be granted. *Id.* § 1915(e)(2)(B)(ii).

## III. Plaintiff's inability to state a valid claim for relief against private-prison employees in only their official capacities.

In the court's pro se prisoner civil rights complaint form, Plaintiff was asked if he was suing Defendants in their official or individual capacities. Doc. 1, at 4-5. Plaintiff marked he was suing all five private-prison employees in only their official capacities. *Id.*

Although they can be held liable in their individual capacities under § 1983, private-prison employees "are not state actors, and they do not have an 'official capacity[.]'" *Jones v. Barry*, 33 F. App'x 967, 971 n.5 (10th Cir. 2002); *see also Yost v. Stouffer*, Case No. CIV-15-783-F, Doc. 48 (W.D. Okla. filed June 30, 2016) (unpublished recommendation) (finding private-prison employee has no official capacity in which to be sued). So, Plaintiff has failed to state a valid claim for relief against Defendants, and the court should dismiss the complaint without prejudice.

## IV. Recommendation and notice of right to object.

Plaintiff cannot state a valid claim for relief against Defendants in their official capacities, and the court should dismiss the complaint without prejudice. Because Plaintiff could potentially cure the defect, dismissal should be with leave to amend. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011) ("We have previously explained that a court 'should dismiss with leave to amend if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief.'") (internal ellipsis and citation omitted). The court's adoption of this recommendation will moot Plaintiff's pending motion to proceed without proper copies, Doc. 3.

The undersigned advises Plaintiff of his right to object to this report and recommendation by August 3, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make timely objection to this report and recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

Entered this 14th day of July, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE